Filed 7/11/24  P. v. Ferrer CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERNESTO FERRER,<br><br>        Defendant and Appellant. | A169389<br><br>(Alameda County<br>Super. Ct. No. 17-CR-006892A) |

After Ernesto Ferrer was convicted of first degree murder and other offenses, the convictions were affirmed on appeal but the matter remanded for resentencing.  This appeal is from the orders on resentencing.  Ferrer's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issues and asks this court for an independent review of the record.  Counsel attests that he advised Ferrer of his right to file a supplemental brief, but Ferrer has not filed one.

Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing and affirm.

**BACKGROUND**

The facts underlying Ferrer's convictions were related in our unpublished opinion on the appeal.  (*People v. Ferrer* (Oct. 26, 2022, A161355) [nonpub. opn.].)  In brief, Ferrer and a codefendant were convicted of

1

murdering Lorenzo Castrejon in retaliation for Castrejon giving his girlfriend a black eye, following Castrejon's car to a location and shooting at it repeatedly. Ferrer and the codefendant subsequently set fire to the car they had been driving. A few days after the murder, when the police went to a motel to arrest the codefendants, they tried to escape in an SUV which Ferrer drove into parked cars and the police armored vehicle before being apprehended.

After a jury trial, Ferrer was convicted of first degree murder (Pen. Code,[1] § 187, subd. (a)) (count 1), with findings that he personally discharged a firearm causing death (§ 12022.53, subd. (d)) and personally used a firearm in the commission of a felony (§ 12022.5, subd. (a)); shooting at an occupied motor vehicle (§ 246) (count 2), with the same firearm findings; assault on a peace officer or firefighter (§ 245, subd. (c)) (count 3), possession of a firearm by a felon (§ 29800, subd. (a)) (count 4) and arson on property of another (§ 451, subd. (d)) (count 6).[2] On September 29, 2020, he was sentenced to an aggregate term of 50 years to life: 25 years to life for the first degree murder, plus 25 years to life for the section 12022.53, subdivision (d), enhancement; with sentences on the remaining counts and enhancements imposed concurrently or stayed pursuant to section 654.[3] He received a total of 1,303 credits.

This court affirmed Ferrer's convictions but accepted the People's concession that the section 12022.5, subdivision (a), firearm enhancement on

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Count 5 pertained to codefendant Lopez.

[3] The court imposed concurrent terms on counts 3 (upper term) and 6 (middle term) and imposed and stayed sentences on counts 2 (upper term) and 4 (middle term) and the corresponding enhancements.

count 2 (which had been stayed) had to be stricken because firearm use was an element of the offense. We also agreed with the People that the trial court erred by imposing a concurrent term on count 4 and then staying it pursuant to section 654. We remanded for resentencing, noting that the trial court would be required to consider ameliorative sentencing legislation that had taken effect during the pendency of the appeal.

On November 6, 2023, Ferrer was resentenced to an aggregate term of 25 years to life. The trial court struck the enhancements on counts 1 and 2 pursuant to section 1385, imposed a sentence of 25 years to life on count 1 and on count 2 imposed the low term of three years, stayed under section 654. The court imposed concurrent low term sentences on counts 3 and 6 and on count 4 imposed the low term, with execution of sentence stayed until completion of the sentence on count 1, then to become permanent (§ 654).

Another hearing was held on November 9, at which the court explained it was required to formally notify Ferrer of the time limit on his right to appeal, 60 days from the date of sentencing on November 6. The court also explained that custody credits remained as originally awarded because from the date of the original sentencing on, "they're calculated by the Department of Corrections."

Ferrer filed a timely notice of appeal on December 11, 2023.

On May 9, 2024, the trial court filed a corrected abstract of judgment reflecting custody credits of 2,436 days as of the date of resentencing. (§ 1237.1.)

## DISCUSSION

Pursuant to *Wende*, we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific

3

issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

At the outset of the resentencing hearing, the trial court noted that it had conducted a "lengthy evidentiary hearing" a couple of weeks before to consider the changes in sentencing law since Ferrer's conviction and had considered the input of the victim's family and Ferrer's family and friends, as well as defense counsel's brief. Ferrer addressed the court at the hearing. The court explained that changes in sentencing law since the original sentencing had altered the manner in which the court was required to exercise its discretion; in particular, section 1385, subdivision (c)(2), now requires the court "to give great weight" to specified mitigating factors in determining whether or not to strike an enhancement. The court struck the section 12022.53, subdivision (d), enhancement based on section 1385, subdivision (c)(2)(E) – "[t]he current offense is connected to childhood trauma." When Ferrer was 12 years old, he was down the block when his 18-year-old sister was gunned down going to the corner market, and the defense evidence showed that this trauma "put his life on a different trajectory." The court also considered as additional evidence of childhood trauma that Ferrer had been physically abused by his stepfather and the family had struggled and often did not have a home or electricity. Additionally, the court considered the fact that Ferrer was a youthful offender at the time of the offenses.

In short, the trial court on remand followed our instructions with respect to previous sentencing errors and fully considered and applied the applicable statutory changes to sentencing laws that had taken effect since the original sentencing.

Our review of the record reveals no arguable issues requiring further briefing.

## DISPOSITION

The judgment is affirmed.

                                   _____

                                   Stewart, P. J.

WE CONCUR:

_____

Richman, J.

_____

Desautels, J.

A169389, *People v. Ferrer*

6